# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC X. RAMBERT, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-5249 |
| | : | |
| LAWRENCE KRASNER, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**SCHMEHL, J. /s/ JLS**                                                                             **JANUARY 9, 2020**

Currently before the Court is Eric X. Rambert's "Motion Requesting Reversal of Order of November 12th 2019," (ECF No. 7), which the Court will construe as a Motion for Reconsideration. Rambert seeks reconsideration of the Court's November 12, 2019 Order denying him leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) and directing him to pay the applicable fees if he sought to proceed with this case. (ECF No. 6.) For the following reasons, the Court will grant Rambert's Motion and require him to submit a certified copy of his prison account statement to the Court in accordance with 28 U.S.C. § 1915(a)(2) if he seeks to proceed *in forma pauperis*.

According to § 1915(g), a prisoner who on three or more prior occasions while incarcerated has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless he is in imminent danger of serious physical injury at the time that the complaint was filed. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 310-11 (3d Cir. 2001) (en banc). "[A] strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed

1

pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013). "[D]ismissals for frivolousness prior to the passage of the [Prison Litigation Reform Act] are included among [a plaintiff's] three [strikes]." *Keener v. Pa. Bd. of Prob. & Parole*, 128 F.3d 143, 144-45 (3d Cir. 1997).

In its prior Order, the Court identified three cases filed by Rambert that counted as strikes for purposes of § 1915(g): (1) *Rambert v. Lavan*, M.D. Pa. Civ. A. No. 03-370 (November 6, 2003 order granting motion to dismiss and dismissing complaint for failure to state a claim); (2) *Rambert v. Horn*, W.D. Pa Civ. A. No. 97-337 (dismissed for failure to state a claim on December 5, 1997); and (3) *Rambert v. Barrett*, W.D. Pa. Civ. A. No. 95-71 (dismissed as "legally frivolous" on February 21, 1995). The Court also observed that the United States District Court for the Western District of Pennsylvania has treated Rambert as a "three striker" based on those strikes.[1] *See Rambert v. Wetzel*, Civ. A. No. 18-38, 2018 WL 816900, at *2 (W.D. Pa. Jan. 19, 2018) (treating Rambert as a three striker), *report and recommendation adopted*, Civ. A. No. 18-38, 2018 WL 807156 (W.D. Pa. Feb. 9, 2018); *Rambert v. Johnson*,

---

[1] The Court likewise stated that the United States Court of Appeals for the Third Circuit treated Rambert as a three-striker. However, the Court mistakenly cited to the appeal of one of Rambert's co-plaintiffs, Demetrius Bailey. *See Rambert v. Superintendent Forest SCI*, 3d Cir. No. 16-4228 (Apr. 16, 2018 Order subjecting Bailey to § 1915(g)). Rambert appealed in the same underlying case from which Bailey appealed. In Rambert's appeal, the Third Circuit issued an order granting *in forma pauperis* status to Rambert, but subsequently vacated that order and stayed his appeal pending a decision in *Millhouse v. Heath*, 866 F.3d 152 (3d Cir. 2017), which was expected to address certain issues under § 1915(g). *See Rambert v. Superintendent Forest SCI*, 3d Cir. No. 16-3778 (Nov. 25, 2016 Order). Rambert withdrew his appeal before *Millhouse* was decided. Accordingly, although the Third Circuit flagged Rambert as a "three-striker" — presumably based upon the same "strikes" identified by the Western District of Pennsylvania — the Court did not ultimately address the issue. The Western District of Pennsylvania has continued to subject Rambert to § 1915(g) following *Millhouse*.

Civ. A. No. 16-72, 2016 WL 11482394, at *2 (W.D. Pa. Aug. 9, 2016) ("Because Plaintiff Rambert has filed at least three lawsuits which were dismissed as frivolous, malicious, or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g)."), *report and recommendation adopted*, Civ. A. No. 16-72, 2016 WL 4921089 (W.D. Pa. Sept. 15, 2016). The United States District Court for the Middle District of Pennsylvania has also treated Rambert as a three-striker based on those three cases. *See Rambert v. Dep't of Corr.*, M.D. Pa. Civ. A. No. 15-320 (November 4, 2015 Order revoking Rambert's *in forma pauperis* status because he has three strikes).

## I. *Rambert v. Barrett*, W.D. Pa. Civ. A. No. 95-71

In his Motion, Rambert alleges that the Court erroneously subjected him to § 1915(g) because it mistakenly counted *Rambert v. Barrett*, W.D. Pa. Civ. A. No. 95-71 as a strike.[2] A party seeking reconsideration must establish "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available [at the time of the Court's prior ruling]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). The Court will address each of Rambert's arguments in turn.

First, Rambert alleges that the United States District Court for the Western District is "corrupt and has made up [that] lawsuit" because there "is no DOC record of money being withdrawn from [his] prison account" to pay for the suit. (ECF No. 7 at 1.) The Court rejects Rambert's assertion that he did not file the case. A court "may take judicial notice of the contents of another Court's docket." *Orabi v. Attorney Gen. of the U.S.*, 738 F.3d 535, 537 (3d Cir. 2014). The official record on CM/ECF lists Rambert as the plaintiff by his name and DOC

---

[2] Rambert does not challenge the Court's assessment of the other two cases as strikes.

3

inmate number, which matches his current inmate number. The case names as the defendant Robert M. Barrett, Rambert's court-appointed counsel. (*See* ECF No. 7 at 4.) Rambert's allegation that he did not file the case is not credible.[3]

Rambert's assertion appears to be that, if he had in fact filed the case, the Pennsylvania Department of Corrections would have deducted filing-fee payments from his prison account in accordance with 28 U.S.C. § 1915(b), which requires prisoners who file a civil action to pay the filing fee in installments if they are given leave to proceed *in forma pauperis*. However, § 1915(b) was passed as part of the Prison Litigation Reform Act, which was enacted in 1996; it was not in existence at the time Rambert filed the case in 1995, so he would not have been required to make any such payments in connection with the case. *See Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016) ("Until 1996, indigent prisoners, like other indigent persons, could file a civil action without paying any filing fee."). This argument is therefore frivolous.

Second, Rambert alleges that *Rambert v. Barrett*, W.D. Pa. Civ. A. No. 95-71 cannot count as a strike because the docket does not state whether the dismissal as legally frivolous was with prejudice or without prejudice, and dismissals without prejudice do not count as a strike. (ECF No. 7 at 2.); *cf. Millhouse*, 866 F.3d at 154 ("[A] dismissal without prejudice for failure to state a claim does not rise to the level of a strike."). However, when a Court does not specify

---

[3] After the Western District of Pennsylvania subjected him to § 1915(g) using the same strikes noted by this Court, *see Rambert v. Johnson*, Civ. A. No. 16-72, 2016 WL 11482394, at *2 (W.D. Pa. Aug. 9, 2016), Rambert likewise argued that he "never filed" Civil Action Number 95-71. *See Rambert v. Johnson*, W.D. Pa. Civ. A. No. 16-72 (ECF No. 76 at 3). The Western District of Pennsylvania "easily disposed of" that argument because the "Court reviewed the electronic filing system for the Western District of Pennsylvania, which shows that Plaintiff Rambert initiated the action on January 17, 1995." *Id.* (ECF No. 84 at 2.) The Western District of Pennsylvania has since counted the case as a strike against Rambert. *See, e.g.*, *Rambert v. Wetzel*, Civ. A. No. 18-38, 2018 WL 816900, at *2 (W.D. Pa. Jan. 19, 2018), *report and recommendation adopted*, Civ. A. No. 18-38, 2018 WL 807156 (W.D. Pa. Feb. 9, 2018).

4

whether an involuntary dismissal operates with or without prejudice, the dismissal is presumed to be with prejudice. *See Ball v. Famiglio*, 726 F.3d 448, 460 n.17 (3d Cir. 2013) ("The District Court did not state that any of the dismissals at issue in these appeals were without prejudice, and so they are presumed to be with prejudice, and they 'operate[ ] as an adjudication on the merits.'" (quoting Fed. R. Civ. P. 41(b)), *abrogated on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) ("Because the order did not specify that the dismissal was without prejudice, under Fed. R. Civ. P. 41(b) the dismissal 'operates as an adjudication upon the merits.'"); *see also McLean v. United States*, 566 F.3d 391, 398-99 (4th Cir. 2009) ("An unqualified dismissal for failure to state a claim is presumed to operate with prejudice; the addition of the words 'with prejudice' to modify such a dismissal is simply not necessary."). That is especially so with frivolous claims, as "dismissals of frivolous claims do not require leave to amend." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002). Accordingly, the dismissal of *Rambert v. Barrett*, W.D. Pa. Civ. A. No. 95-71 "as legally frivolous" is presumed to be with prejudice and, thus, operates as a strike. *See Short v. Webb*, Civ. A. No. 18-4130, 2019 WL 6349228, at *2 (E.D. Pa. Nov. 27, 2019) (rejecting the same argument).

Third, Rambert alleges that a case in which *in forma pauperis* status was never granted was neither "filed" nor "brought," and therefore cannot count as a strike under § 1915(g), which only applies when a prisoner previously "brought" an action while incarcerated that was dismissed on a statutory ground. (ECF No. 7 at 3 & 4.) This argument is mistaken for two reasons. One, the docket reflects that Rambert was granted leave to proceed *in forma pauperis* in a January 19, 1995 order prior to the dismissal of his case as frivolous. *See Rambert v. Barrett*, W.D. Pa. Civ. A. No. 95-71 (ECF No. 2). Two, the Third Circuit has rejected the notion that

5

leave to proceed *in forma pauperis* must be granted for a case that was dismissed upon a statutory ground enumerated in § 1915(g) to count as a strike. *See Brown v. Sage*, 941 F.3d 655, 662 (3d Cir. 2019) (en banc) ("That § 1915(g) uses the verb 'brought,' not 'commenced' or 'filed,' underscores that court approval of an IFP application is not necessary for an action to count as a strike.").

Fourth, Rambert alleges that the original records for *Rambert v. Barrett*, W.D. Pa. Civ. A. No. 95-71 have been destroyed, so the Court may not count the case as a strike. (ECF No. 7 at 3.) However, as noted above, the Court may take judicial notice of other courts' dockets, and the record on CM/ECF constitutes the official docket for the case. Here, the docket is clear that Rambert filed *Rambert v. Barrett*, W.D. Pa. Civ. A. No. 95-71 while incarcerated and that the case was dismissed as legally frivolous. Accordingly, the Court may count the case as a strike.[4] *See Harris v. City of New York*, 607 F.3d 18, 23 (2d Cir. 2010) ("Nothing in the PLRA or the caselaw of this or other courts, . . . suggests that courts have an affirmative obligation to examine actual orders of dismissal."); *Thompson v. Drug Enf't Admin.*, 492 F.3d 428, 435 (D.C. Cir. 2007) (counting as strikes cases in which "the courts' finding of frivolousness appeared in the PACER docket report"); *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005) ("In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike."); *Royal v. Rutherford Police*, Civ. A. No. 11-4862, 2012 WL 1551338, at *3 n.8 (D.N.J. Apr. 27, 2012) (in assessing strikes, "[t]he district court may rely on the relevant docket sheets if they indicate with

---

[4] It is not apparent from the docket in *Rambert v. Horn*, Civ. A. No. 97-337 (W.D. Pa.) that the dismissal of that case counts as a strike. However, the Court ordered and reviewed copies of the report and recommendation and final order of dismissal in that case, which confirmed that the case was dismissed in its entirety for failure to state a claim upon a motion filed by the defendants pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* ECF Nos. 30 & 31.)

sufficient clarity that the prior suits were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted").

In sum, it is evident that Civil Action Number 95-71 counts as a strike for purposes of § 1915(g).

## II. *Rambert v. Lavan*, Civ. A. No. 03-370

In reviewing Rambert's motion, the Court reviewed all of Rambert's strikes and identified a legal issue not previously addressed. The case of *Rambert v. Lavan*, Civ. A. No. 03-370 was filed by Rambert in state court and then removed to federal court by the defendants, which raises the question of whether a case removed to federal court and dismissed on a statutory ground may count as a strike under § 1915(g). The Third Circuit has not yet addressed this issue.

Section 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, ***brought an action or appeal in a court of the United States*** that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). In *Harris v. Mangum*, 863 F.3d 1133, 1141 (9th Cir. 2017) the Ninth Circuit held "that a district court's dismissal of an action removed from state court by a party other than a prisoner cannot constitute a strike under § 1915(g) against that prisoner." The *Harris* court reasoned that, in such cases, the prisoner-plaintiff brought the complaint in state court, which is not a "court of the United States" within the meaning of § 1915(g). *Id.* Rather, it was the defendants who "brought the case to federal court." *Id.* In other words, "[w]hen a defendant removes a case from state to federal court, it cannot be said that a prisoner-plaintiff was the one who brought the case in federal court" within the meaning of the

language of § 1915(g). *Id.* The Ninth Circuit is the only court of appeals to have squarely addressed this question.[5]

However, some district courts have held that a case dismissed on a statutory ground counts as a strike under § 1915(g) even if the federal case was instituted by way of removal. "The courts' reasoning for assessing a strike in this situation is that, if the plaintiff were allowed to proceed in federal court with disregard to the three strike rule simply because his complaint

---

[5] The Tenth Circuit has applied similar logic in concluding that § 1915(g) does not apply to cases filed by "three-striker" prisoners in state court that are removed to federal court by defendants. *See Woodson v. McCollum*, 875 F.3d 1304, 1306 (10th Cir. 2017) ("We doubt a prisoner could 'bring' an action by filing a case in state court only to have it removed to federal court."). However, "[t]here is no consensus among the [district] courts as to whether the three strikes bar should apply[] . . . in a situation where the three striker files in state court and the action is then removed to federal court." *Harris v. Fla. Dep't of Corr.*, Civ. A. No. 14-575, 2015 WL 1729474, at *3 (N.D. Fla. Apr. 14, 2015). *Compare Camps v. Scholtz*, Civ. A. No. 17-1895, 2017 WL 3736663, at *3 (D.N.J. Aug. 30, 2017) (holding that "§ 1915(g) does not permit a district court to dismiss a properly removed complaint on the basis of a plaintiff's 'three strikes' status"); *Mitchell v. Holliday*, 202 F. Supp. 3d 116, 120 (D.D.C. 2016) ("This Court noted from the specific language of § 1915(g) that the three-strike provision does not apply to a prisoner who is before this Court only because a defendant removed his case from state court."); *Abreu v. Kooi*, Civ. A. No. 914-1529, 2016 WL 4702274, at *4 (N.D.N.Y. Aug. 4, 2016) ("[N]othing in the PLRA restricts a three strikes prisoner from filing an action in state court."), *report and recommendation adopted*, 2016 WL 4690404 (N.D.N.Y. Sept. 7, 2016); *Howard v. Braddy*, Civ. A. No. 12-404, 2013 WL 5461680, at *4 (M.D. Ga. Sept. 30, 2013) ("Here, the Plaintiff is not proceeding *in forma pauperis* because the Riverbend Correctional Defendants have paid the filing fee. The clear language of the statute applies solely to actions *in forma pauperis*.") *with Lynn v. Peltzer*, Civ. A. No. 16-3096, 2016 WL 4060272, at *2 (D. Kan. July 29, 2016) ("[P]laintiff may continue to litigate his properly-removed complaint only if he has complied with the three-strikes provision."); *Riggins v. Kuoy*, Civ. A. No. 14-0215, 2014 WL 3764156, at *3 (S.D. Ala. July 30, 2014) (agreeing that "a *pro se* three-striker prisoner plaintiff may not file a barred § 1983 claim *in forma pauperis* in state court and continue to proceed in federal court once defendants removed the action to federal court and paid the filing fee, thereby alleviating plaintiff from the § 1915(g) filing fee requirement" because "[t]o allow such a bypass would render § 1915(g) meaningless and without any teeth." (internal quotations omitted)); *Bartelli v. Beard*, Civ. A. No. 08-1143, 2008 WL 4363645, at *5 (M.D. Pa. Sept. 24, 2008) ("We find that since Plaintiff Bartelli has requested and was granted permission to proceed *in forma pauperis* in the state court, and since his case has been removed to federal court without him being required to pay the filing fee, he is now proceeding under the PLRA and is subject to the constraints of § 1915(g).").

8

was originally filed *in forma pauperis* in state court, and then removed to federal court, 'he could continue to file, without paying the filing fee, civil rights actions in state court in order to circumvent the three strike rule which has been applied to him, barring him from filing *in forma pauperis* such actions in federal court pursuant to 28 U.S.C. § 1915(g).'" *Kotewa v. Corr. Corp. of Am.*, Civ. A. No. 10-0923, 2010 WL 5156031, at *3 (M.D. Tenn. Dec. 14, 2010) (quoting *Barelli v. Beard*, Civ. A. No. 08-1143, 2008 WL 4363645, at *6 (M.D. Pa. Sept. 24, 2008)); *Farnsworth v. Washington State Dep't of Corr.*, Civ. A. No. 07-0206, 2007 WL 1101497, at *1 (W.D. Wash. Apr. 9, 2007) (assessing removed case as a strike because "[w]hile he may not have intended to bring an action before a Court of the Unites States, the unfortunate consequence of bringing a federal civil rights action in state court is that it generally may be removed by defendants to federal court, thereby subjecting a plaintiff to the three strikes rule"). Courts have also found it fair to assess a removed case as a strike because "[r]egardless of whether the case was initiated or removed to federal court, resolving such a case diverts a court's time and attention from processing good faith claims" and it was the plaintiff's decision to prosecute nonmeritorious claims after removal. *Green v. Jones*, Civ. A. No. 15-572, 2015 WL 9591445, at *3 (N.D. Fla. Nov. 30, 2015), *report and recommendation adopted,* 2015 WL 9592529 (N.D. Fla. Dec. 31, 2015).

In determining the proper approach, the Court must interpret § 1915(g) by "giv[ing] effect to the will of Congress." *Byrd*, 715 F.3d at 122. "[W]here Congress's will has been expressed in language that has a reasonably plain meaning, that language must ordinarily be regarded as conclusive." *Id.* "In determining whether the language of a particular statutory provision has a plain meaning, we consider the language in the context of the entire statute." *Id.* at 123. "The plain meaning of statutory language is not conclusive only when 'the literal

9

application of a statute will produce a result demonstrably at odds with the intentions of the drafters.'" *Id.* (quoting *United States v. Ron Pair Enters.*, 489 U.S. 235, 242 (1989)).

Here, the plain language of the § 1915(g) limits strikes to prior actions or appeals "brought . . . in a court of the United States" that are dismissed on the listed statutory grounds, provided that the action was filed while the plaintiff was incarcerated. The Third Circuit recently held that, in the context of § 1915(g), "a prisoner has 'brought an action' when he tenders or submits his complaint to the court." *Brown*, 941 F.3d at 661; *see also Abdul-Akbar*, 239 F.3d at 313 ("This court has previously held that the word 'bring' in this context [§ 1915(g)] plainly refers to the time when the civil action is initiated."). As the *Harris* court observed, when a prisoner-plaintiff submits a complaint in state court, he or she is not bringing an action in federal court. Rather, it is the defendants who bring a removed case to federal court by filing a notice of removal and paying the filing fees pursuant to 28 U.S.C. § 1914. The plain language of the statute, therefore, dictates that a case filed by a prisoner-plaintiff subsequently removed to federal court by the defendants may not count as a strike under § 1915(g), even if it is dismissed on a statutory ground.

Although the plain language of the statute dictates the result here, the intent of the statute is not thwarted by this result. "The PLRA was intended to address frivolous prisoner lawsuits in federal court and 'does not affect the prisoner's right to bring an action in state court.'" *Abreu*, 2016 WL 4702274, at *4 (N.D.N.Y. Aug. 4, 2016), *report and recommendation adopted*, 2016 WL 4690404 (N.D.N.Y. Sept. 7, 2016); *Abdul-Akbar*, 239 F.3d at 315 ("Potentially negative consequences in *federal* courts, as distinguished from *state* courts, are precisely the consequences intended by Congress" in enacting § 1915(g)). In other words, neither the language nor intent of § 1915(g) applies to prisoner-plaintiff litigation in state courts. As cases

removed to federal court are the result of the behavior of the defendants, not the prisoner-plaintiff, § 1915(g) is inapplicable to such cases.

In sum, the Court agrees with the reasoning of *Harris* and concludes that *Rambert v. Lavan*, Civ. A. No. 03-370, which Rambert filed in state court and which was removed to federal court by the defendants, may not count as a strike for purposes of § 1915(g). Accordingly, Rambert has only two strikes. However, as he has failed to submit a certified copy of his prisoner account statement for the six-month period prior to submitting his complaint, he has not complied with 28 U.S.C. § 1915(a)(2). Accordingly, the Court will vacate its November 12, 2019 Order and give Rambert thirty (30) days to submit his prison account statement if he still seeks to proceed *in forma pauperis*. An Order follows.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**