IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC X. RAMBERT, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-5249 |
| | : | |
| LAWRENCE KRASNER, *et al.*, | : | |
|     Defendants. | : | |

## ORDER

AND NOW, this 20th day of February, 2020, upon consideration of Eric X. Rambert's Declaration in Support of Motion to Proceed *In Forma Pauperis* (ECF No. 10), Prisoner Trust Fund Account Statements (ECF No. 13 & 15), "Amended Memorandum of Law in Support of Order to Show Cause for an [sic] Preliminary Injunction and a Temporary Restraining Order," (ECF No. 11), Amended Complaint (ECF No. 12), and "Notice for the Judge" (ECF No. 14) it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Eric X. Rambert, #AM-9223, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Pine Grove or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Rambert's inmate account; or (b) the average monthly balance in Rambert's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount

in Rambert's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Rambert's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is directed to **SEND** a copy of this Order to the Superintendent of SCI Pine Grove.

4. The Complaint and Amended Complaint are **DEEMED** filed.

5. Rambert's Amended Complaint is **DISMISSED** in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Rambert's claims are **DISMISSED WITH PREJUDICE**, with the exception of: (1) any claims barred by *Heck v. Humphrey*, which will be **DISMISSED WITHOUT PREJUDICE** to Rambert filing a new civil action only in the event his underlying convictions and/or sentence are vacated or otherwise invalidated; and (2) Rambert's claims under state law, which are **DISMISSED WITHOUT PREJUDICE** to Rambert's reassertion of those claims in state court if he chooses to do so. Rambert may not file a second amended complaint in this case.

6. Rambert's requests for preliminary injunctive relief are **DENIED**.

7. The Clerk of Court shall **CLOSE** this case.

**BY THE COURT:**

/s/ Jeffrey L. Schmehl
**JEFFREY L. SCHMEHL, J.**